[No. 7,233.—Department Two.]

## A. MONTGOMERY v. MICHAEL DONNELLY.

Evidence—Bill of Exceptions.—A statement in the bill of exceptions that a writing was offered in evidence, and that an objection was interposed and overruled, is equivalent to a statement that the writing was admitted in evidence, although a direct statement would be more satisfactory.

Appeal from a judgment for the plaintiff, in the Tenth District Court, County of Colusa. Keyser, J. And from an order denying motion for a new trial, in the Superior Court of the same county. Hatch, J.

*John T. Harrington,* for Appellant.

A patent or other paper which is offered in evidence is not thereby introduced or read in evidence. And a bill of exceptions which shows that a patent or other paper was offered in evidence does not show that the same was read in evidence. (*Page* v. *O'Brien,* 36 Cal. 559.)

*W. F. Goad,* and *Belcher & Belcher,* for Respondent.

The evidence offered by the defendant was properly excluded as immaterial. The Court had admitted in evidence the patent of the United States to the State of California for the land as swamp and overflowed land, granted to the State under the Act of Congress of September 28th, 1850, and the patent of the State to himself. This was conclusive evidence in this action of ejectment, which could not be met by any evidence of a less conclusive character. (*French* v. *Fyan,* 93 U. S. 169; *Leese* v. *Clark,* 18 Cal. 572; *Gibson* v. *Chonteau,* 13 Wall. 102; *Miller* v. *Dale,* 44 Cal. 562; *Churchill* v. *Anderson,* 56 id. 55; *Doll* v. *Meador,* 16 id. 325.)

Sharpstein, J. :

This is an appeal from a judgment entered in favor of the plaintiff in an action of ejectment, and from an order denying the defendant's motion for a new trial.   The complaint is in the ordinary form.   The answer denies each and every allegation of the complaint, and alleges that the defendant rightfully occupies the land under a homestead entry of it, for which he holds the receipt of the Receiver of the United States Land Office of the district within which the land is situated.   Upon the trial the plaintiff offered the record of a patent of the land from the United States to the State of California, as recorded in the Colusa County records.   The defendant objected, "on the grounds that it is irrelevant and immaterial and incompetent; that there is no authority shown for the recordation of patents from the United States to the State of California in the county wherein the land is located, and that it is not the best evidence."

The objection was overruled, and the defendant excepted.

The plaintiff next offered a patent from the State of California to the plaintiff for the same land, to which the defendant objected, "that it is irrelevant and immaterial, no foundation having been made for the offer."

The objection was overruled, and the defendant excepted.

The defendant then offered evidence which tended to prove that he had complied with the provisions of the laws of the United States, "to secure homesteads to actual settlers on the public domain."   The offer was objected to on the ground that the evidence was irrelevant and immaterial, and the objection was sustained.   The defendant excepted.

If the plaintiff had proved title in himself under a United States patent, the rulings of the Court upon these points were correct.   (*French* v. *Fyan*, 3 Otto, 169 ; *Johnson* v. *Towsley*, 13 Wall. 72; *Leese* v. *Clark*, 18 Cal. 572; *Gibson* v. *Chouteau*, 13 Wall. 102 ; *Miller* v. *Dale*, 44 Cal. 562; *Churchill* v. *Anderson*, 56 id. 55 ; *Doll* v. *Meador*, 16 id. 325.)

The counsel for defendant, however, insists that the record does not show that the patents offered in evidence were introduced or read in evidence; and there is no direct statement that they were.   As each was offered, an objection was interposed

and overruled. This we think to be the equivalent of a statement that each was admitted in evidence. A direct statement to that effect would be more satisfactory. But we do not feel called upon to reverse the judgment on that ground, and that is the only ground upon which we could reverse it.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.